Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| DEBRA JOANN COATES GRIFFIN, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> PREMIUM CHOICE INSURANCE SERVICES <br><br> *Defendant*. | CIVIL ACTION FILE NO. **6:25-cv-1125** <br><br> CLASS ACTION COMPLAINT <br> TCPA (47 U.S.C. § 227) <br> DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

1.  Debra Joann Coates Griffin ("Plaintiff") brings this class action against Premium Choice Insurance Services ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

Complaint                                       1

**PARTIES**

3. Plaintiff is a natural person residing in Lincoln County, Oregon.

4. Defendant is a corporation that resides in Encino, California.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events giving rise to this action occurred in this district.

7. Defendant directed calls to Plaintiff's cellular telephone into this district on the National Do Not Call Registry.

**INTRODUCTION**

8. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

9. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## PLAINTIFF'S ALLEGATIONS

10. Plaintiff is, and has been for many years, the subscriber and customary user of her cellular telephone number—(541) XXX-XXXX.

11. Plaintiff uses, and at all times used, telephone number (541) XXX-XXXX as her personal residential number.

12. Plaintiff does not use and has never used telephone number (541) XXX-XXXX for business or commercial purposes.

13. Plaintiff registered her number on the National Do Not Call Registry on August 24, 2021, well over 30 days prior to receiving the calls at issue.

14. Plaintiff does not have a landline telephone number in her home or any other telephone number.

15. Plaintiff uses her cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

16. Plaintiff personally pays for her cell phone plan; she is not reimbursed by any business.

17. Plaintiff received two calls to her cellular telephone from Defendant.

18. The first call was on January 10, 2023.

19. The call was autodialed from (541) 413-5425.

20. Plaintiff rejected the call.

21. The second call was on January 17, 2023.

22. The call was autodialed from (541) 413-5419.

23. Plaintiff answered the call and spoke to an agent who asked her a series of questions like about her age and whether she had Medicare, all of which were geared towards selling her medical insurance.

24. Plaintiff was then transferred to "Devin Peterson" who provided a call back number of (844) 630-0316.

25. Plaintiff spoke to Devin Peterson about secondary Medicare insurance.

26. In order to attempt to sell her the Defendant's services, Devin Peterson asked the Plaintiff her date of birth and promoted the benefits of the Defendant.

27. A basic internet search identifies (844) 630-0316 as Defendant's phone number.

28. Plaintiff also called back the number from the first call (541) 413-5425 which Plaintiff confirmed belongs to Defendant.

29. Defendant called Plaintiff's telephone number (541) XXX-XXXX thirty-one or more days after Plaintiff registered it with the DNC Registry.

30. The calls were intended for someone other than, and unknown to, Plaintiff.

31. The purpose of the calls was to advertise and market Defendant's business or services.

32. Plaintiff did not give Defendant prior express consent or permission to contact telephone number (541) XXX-XXXX.

33. Plaintiff did not request information or promotional materials from Defendant.

34. Plaintiff suffered actual harm as a result of the subject calls in that she suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

35. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (541) XXX-XXXX was registered with the DNC Registry.

## CLASS ALLEGATIONS

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

37. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and Oregon Local Rule 23-2 and as a representative of the following class:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

38. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

39. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

40. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

41. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

  b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

  c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

44. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

  a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

  b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

  c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.  Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

46. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

47. The class is ascertainable because it is defined by reference to objective criteria.

48. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

49. Plaintiff's claims are typical of the claims of the members of the class.

50. As it did for all members of the class, Defendant delivered, or caused to be delivered, calls to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

51. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

52. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

53. Plaintiff suffered the same injuries as the members of the class.

54. Plaintiff will fairly and adequately protect the interests of the members of the class.

55. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

56. Plaintiff will vigorously pursue the claims of the members of the class.

57. Plaintiff has retained counsel experienced and competent in class action litigation.

58. Plaintiff's counsel will vigorously pursue this matter.

59. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

60. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

61. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

62. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

63. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

64. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

65. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

66. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

67. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

68. There will be no extraordinary difficulty in the management of this action as a class action.

69. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

70. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

71. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

72. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

73. These violations were willful or knowing.

74. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

75.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the classes as alleged herein;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned as counsel for the Classes;

D.     Damages to Plaintiff and members of the classes pursuant to 47 U.S.C. § 227(c)(5);

E.     Attorneys' fees and costs, as permitted by law; and

F.     Such other or further relief as the Court deems just and proper.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 29th day of June, 2025.